UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LATAM AIRLINES GROUP S.A. INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04984-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 18] |

Before the Court is Plaintiff Google LLC's ("Plaintiff") Administrative Motion to File Under Seal, filed in connection with its Administrative Motion to Expedite Hearing for its Motion for Preliminary Injunction at ECF 17. ECF 18. On July 1, 2025, Defendants LATAM Airlines Group S.A. Inc. and TAM Linhas Aereas S.A. (collectively, "Defendants") filed a response stating that they do not oppose Plaintiff's Motion to Seal. ECF 23.

Having reviewed Plaintiff's Defendants' submissions and applicable sealing law, the Court GRANTS Plaintiff's requests to seal.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public

1  policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1100–01 (9th
2  Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

3      Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotations omitted)). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).  *Kamakana*, 447 F.3d at 1180.  This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

    In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

## II.   DISCUSSION

    Because the sealing motion concerns Plaintiff's Administrative Motion to Expedite Hearing, the Court will apply the "good cause" standard.  *See Kumandan v. Google LLC*, No. 19-CV-04286-BLF, 2022 WL 1501017, at *1 (N.D. Cal. May 12, 2022) (applying "good cause" standard for a motion regarding schedule).

    The material under consideration for sealing concerns: 1) Exhibit A, which is an unpublished Order from the Third Panel of the Brazilian Superior Court of Justice's affirmance of the Global

Removal Order, and 2) about seven lines of quotes of Exhibit A from Plaintiff's Administrative Motion to Expediate Hearing. Plaintiff argues that it "will be harmed because it may be subject to penalty by the Superior Court of Justice for publishing an unpublished order." ECF 18 at 3.

The Court finds that Plaintiff has established good cause to seal the order that has not been published by another Court. *See D.C. v. Cty. of San Diego*, Case No. 15-cv-1868-MMA (NLS), 2021 WL 4428880, at *2-3 (S.D. Cal. Sept. 24, 2021) (granting motion to seal records filed under seal at juvenile court). Additionally, the Court finds Zazzle's sealing requests to be narrowly tailored so that there is no less restrictive alternative to redacting the information at issue.

## III. ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart.

| ECF No. | Document to be Sealed | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 17 (ECF 18-2) | Google LLC's Administrative Motion to Expedite Hearing on Google LLC's Motion for Preliminary Injunction | Highlighted portions of page 3:3-9 | GRANTED because these portions of the Motion to Expedite quote from Exhibit A, which the Superior Court of Justice in Brazil did not publish this order, thus it is not available for public review. If Google were forced to file quotes from Exhibit A publicly, it may be subject to fines and penalties for violating the rules and practices of the Superior Court of Justice. |
| ECF 17-2 (ECF 18-3) | Order by the Third Panel of the Superior Court of Justice in Brazil | Entire document | GRANTED because the Superior Court of Justice did not publish this order, thus it is not available for public review. If Google were forced to file Exhibit A publicly, it may be subject to fines and penalties for violating the rules and practices of the Superior Court of Justice. |

Dated: July 2, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3